22099

Wesley E. DIXON, Plaintiff, v. NATIONWIDE MUTUAL INSURANCE COMPANY, Nationwide Mutual Fire Insurance Company, Nationwide Life Insurance Company, Nationwide General Insurance Company, and Nationwide Property and Casualty Company, Defendants.

(316 S. E. (2d) 376)

Supreme Court

*David M. Ratchford* and *Charles F. Cooper, II*, of *Ratchford & Cooper*, Columbia, and *Don S. Rushing*, of *Thomas, Rushing, Goldsmith & Folks*, Lancaster, and *Benjamin A. Johnson*, of *Roddey, Carpenter & White, P.A.*, Rock Hill, *for plaintiff.*

*R. Bruce Shaw, Thornwell F. Sowell, III*, and *Joel H. Smith*, of *Nelson, Mullins, Grier & Scarborough*, Columbia, *for defendants.*

*Darra Williamson Cothran* and *Paul J. Kamber*, of *Leventis, Ormand & Kamber*, Columbia, *for State Farm Mutual Automobile Insurance Company and Allstate Insurance Company, amicus curiae.*

Heard Jan. 7, 1984.

Decided May 10, 1984.

LEWIS, Chief Justice:

The question certified in this case by the United States District Court seeks a decision as to the prospective application of the private enforcement provision of Section 38-37-940(2).

We held in *G-H Insurance Agency, Inc. v. Travelers Insurance Company*, 270 S. C. 147, 241 S. E. (2d) 534, that a private cause of action existed under Section 38-37-940(2) for the wrongful termination of an agency agreement. Subsequently, that holding was impinged upon only to the extent that its retroactive application was held to unconstitutionally violate the contract clause, *(Garris v. Hanover Insurance Company*, 630 F. (2d) 1001; *G-H Insurance Agency, Inc. v. Continental Insurance Company*, 278 S. C. 241, 294 S. E. (2d) 336), clearly leaving *G-H Insurance Agency, Inc. v. Travelers Ins. Co., supra*, as authority for the prospective application of the private enforcement provision of Section 38-37-940(2).

*G-H Insurance Agency, Inc. v. Travelers Insurance Companies, supra,* has not been modified by any decision of this Court and is the law of this jurisdiction. Therefore, the answer to the certified question is: Dixon does, under South Carolina Code Ann. Section 38-37-940(2) (1976), have a private cause of action for termination of his agency agreement executed December 15, 1980 and effective January 1, 1981.

GREGORY and HARWELL, JJ., concur.

NESS, Justice (dissenting):

This case involves defendant, Nationwide Mutual Insurance Company's, termination of an insurance agency agreement with plaintiff, Wesley E. Dixon. Pursuant to Supreme Court Rule 46, the United States District Court has certified the following question for our determination.

Does Dixon under S. C. Code Ann. Section 38-37-940(2) (1976) have a private cause of action for termination of his agency agreement executed December 15, 1980 and effective January 1, 1981?

I would hold S. C. Code Ann. Section 38-37-940(2) (1976) does not afford a private cause of action for its violation.

We first encountered the question as to whether a private cause of action existed under S. C. Code Ann. Section 38-37-940(2) (1976) in *G-H Insurance Agency, Inc. v. Travelers Insurance Companies,* 270 S. C. 147, 153, 241 S. E. (2d) 534, 536 (1978). There, in a three to two decision this Court held an insurer could incur civil liability for wrongful termination under the statute. In a strong dissent, a minority of this Court determined that "[u]pon an examination of the 1974 Act, the conclusion is inescapable that the legislature intended to protect members of the public in their procurement of insurance" rather than create a private cause of action on the part of an agent.

Subsequently, in *Garris v. Hanover Insurance Company,* 630 F. (2d) 1001 (1980), the Fourth Circuit United States Court of Appeals held the retroactive application of the private enforcement provision of § 38-37-940(2), as construed by this Court in *G-H Travelers,* unconstitutionally violated the contract clause.

Two years later, in *G-H Insurance Agency, Inc. v. Continental Insurance Company,* 278 S. C. 241, 294 S. E. (2d) 336 (1982),

we had occasion to review our *Travelers* holding in light of *Hanover.* At first glance, the *Continental* decision appears to be a reaffirmation of the Fourth Circuit's determination that retroactive application of § 38-37-940(2) was unconstitutional. I feel our holding in *Continental* goes much further. While addressing the question of whether Continental Insurance Company should have been granted a summary judgment in light of our ruling in that case, Mr. Justice Littlejohn stated:

> Such may be pursued on remand with the trial court taking into consideration the fact that *we have now held the contested section, 38-37-940(2), unconstitutional as an impairment of contractural rights ... The section is clearly severable and our ruling does not affect any other provision of the Act.* (Emphasis added.) 278 S. C. 249, 294 S. E. (2d) at 340.

The clear effect of this language was to declare § 38-37-940(2) unconstitutional and sever it from the remainder of the Act. Consequently, I would overrule our decision in *G-H Insurance Agency v. Travelers Insurance Company, supra,* and hold that no private cause of action exists under § 38-37-940.

LITTLEJOHN, J., concur.